UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
THE CHARTER OAK FIRE INSURANCE COMPANY,

                                          Civil Action No.

                     Plaintiff,

             -against-

JAMES RIVER INSURANCE COMPANY,

                     Defendant.
------------------------------------------------------------------X

## COMPLAINT FOR DECLARTORY RELIEF

       Plaintiff, THE CHARTER OAK FIRE INUSRANCE COMPANY ("Travelers"), by its

attorneys, Usery & Associates, as and for its Complaint for Declaratory Judgment against

Defendant, JAMES RIVER INSURANCE COMPANY ("James River"), alleges upon

information and belief as follows:

## Nature of the Action

       1.      In this action, Travelers seeks a declaration that James River is obligated to

defend and to indemnify Reidy Contracting Group, LLC ("Reidy") in connection with an

underlying claim for injuries allegedly sustained by Eduard Abramov (the "Claimant"). The

incident allegedly occurred on or about October 27, 2021 at or near 230 Park Avenue South,

New York, New York 10003 (the "Premises").

## The Parties

       2.      At all times relevant hereto, Travelers was and is a Connecticut corporation duly

licensed and authorized to write insurance and conduct business in the State of New York with a

principal place of business in Hartford, Connecticut.

3.     Upon information and belief, at all times relevant hereto, James River was and is an Ohio corporation with a principal place of business in Richmond, Virginia.

## Jurisdiction and Venue

4.     This Court has subject matter jurisdiction due to diversity of citizenship and amounts in controversy in excess of $75,000, exclusive of interests and costs, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 2201.

5.     Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) in that a substantial part of the events or omissions giving rise to the claim occurred here.

6.     An actual and justiciable controversy exists between the parties as to the coverage afforded under the insurance policy issued by Defendant James River.

7.     Plaintiff Travelers has no adequate remedy at law.

## The Insurance Policies

8.     Travelers issued an insurance policy to Reidy providing general providing general liability coverage for the policy period June 30, 2021 to June 30, 2022 with a per occurrence limit of $2 million under policy no. DT1NOCO-1W402977 (the "Travelers Policy").

9.     Subject to certain terms, conditions, and exclusions, the Travelers Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

10.     Defendant James River issued an insurance policy to Arsenal Scaffold, Inc. ("Arsenal") providing commercial general liability coverage for the policy period June 14, 2021 to June 14, 2022 with a per occurrence limit of $1 million under policy no. 00072363-5 (the "James River Policy").

11.     Subject to certain terms, conditions, and exclusions, the James River Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

12.     Upon information and belief, the James River Policy contains an ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – SCHEDULED PERSON OR ORGANIZATION endorsement (form no. CG2010-0704), which provides, in relevant part:

**SCHEDULE**

| Name Of Additional Insured Person(s) Or Organization(s) | Location(s) Of Covered Operations |
|---|---|
| Where required by written contract or written agreement. | All operations of the named insureds. |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. | |

**A. Section II – Who Is An Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:

**1.** Your acts or omissions; or
**2.** The acts or omissions of those acting on your behalf;
in the performance of your ongoing operations for the additional insured(s) at the location(s) designated above.

**Background Facts**

13.     Discovery Communications LLC, as Owner, and Reidy, as Contractor, entered into an agreement for Reidy to perform certain work in connection with an interior renovation project at the Premises on September 9, 2019.

14.     Reidy, as Contractor, and Arsenal, as Subcontractor, entered into a Master Subcontract Agreement ("MSA") on April 29, 2019 which by its terms governs over subsequent Work Orders.

15.     Pursuant to the terms of the MSA, Arsenal agreed to procure commercial general liability coverage naming, among others, Reidy as an additional insured on a primary and non-contributory basis.

16.     Reidy and Arsenal executed Work Order 19-058-21 (the "Work Order") on October 30, 2019, in accordance with the MSA, in which Arsenal agreed, among other things, to erect a sidewalk shed at the Premises.

17.     On or about October 27, 2021, Claimant alleges he was operating a manual powered scooter at the Premises when he sustained injuries after falling from his scooter when it came into contact with a patch of misaligned/uneven curb/street.

18.     In an action styled *Eduard Abramov v. 230 PAS SPE LLC, et al.,* pending in the Supreme Court of the State of New York, County of New York under index no. 153359/2022 (the "Underlying Action"), Claimant alleges that his injuries were caused by the negligence of both Reidy and Arsenal, among others, in the ownership, operation, maintenance, control, management, leasing, supervision, repair, inspection, construction, and/or design of the misaligned/uneven curb/street at the Premises.

19.     Arsenal moved for summary judgment before the close of discovery in the Underlying Action, and it was denied by order of the court on July 2, 2024.

**Tenders to James River**

20.     By letter dated June 23, 2022, Travelers tendered to James River on behalf of Reidy seeking defense, indemnification, and additional insured status under the James River Policy.

21.     By letter dated November 16, 2022, James River denied Travelers' tender.

22.     By email dated July 12, 2024, Travelers re-tendered on behalf of Reidy seeking defense, indemnification, and additional insured status under the James River Policy.

23.     To date, James River has refused to accept Travelers' tender.

### Travelers' Cause of Action for Declaratory Relief as Against James River

24.     Travelers repeats and realleges the allegations contained in paragraphs 1-23 above as if set forth here in their entirety.

25.     Reidy qualifies as an additional insured under the James River Policy.

26.     Reidy is entitled to a defense under the James River Policy issued to Arsenal, as well as to indemnification thereunder for any verdict or judgment rendered against them in the Underlying Action.

27.     Coverage provided to Reidy by the James River Policy with respect to the Underlying Action is primary to that provided by the Travelers Policy.

28.     James River has refused to provide coverage to Reidy with respect to the Underlying Action.

29.     Accordingly, Travelers seeks a declaration that Arsenal has an obligation to defend and to indemnify Reidy as an additional insured; that the coverage provided by the James River Policy to Reidy is primary; and the obligations of Travelers to Reidy in the Underlying Action are excess to proper exhaustion and full payment of the limits of the James River Policy.

30.     In addition, Travelers seeks an award at law and in equity against James River for recovery of all sums Travelers has incurred in defense of Reidy in the Underlying Action because the coverages provided by the James River Policy are primary to any coverage provided by Travelers.

### Prayer for Declaratory Relief

Wherefore, Plaintiff Travelers prays that judgment be entered as follows:

1.      Declaring that the James River Policy was in full force and effect on the date of the alleged accident.

2.      Declaring that all terms and conditions of the James River Policy have been complied with and met.

3.      Declaring that the alleged accident and Underlying Action fall within the coverage afforded by the James River Policy.

4.      Declaring that Defendant James River owes a duty to defend Reidy in connection with the Underlying Action.

5.      Declaring that Defendant James River owes a duty to indemnify Reidy in connection with the Underlying Action.

6.      Declaring that Defendant James River's coverage obligations to Reidy in connection with the Underlying Action are primary.

7.      Declaring that the coverage obligations of Plaintiff Travelers under the Travelers Policy are excess and non-contributory to those of Defendant James River with respect to the Underlying Action.

8.      Declaring that an actual controversy exists between Plaintiff Travelers and Defendant James River with respect to James River's duty to defend and to indemnify Reidy in connection with the Underlying Action.

9.      Granting an award in favor of Plaintiff Travelers against Defendant James River for all sums Travelers has paid in defending the Underlying Action.

10.     Granting an award in favor of Plaintiff Travelers for the costs of suit incurred herein.

6

11.    Granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       March 7, 2025

                                    USERY & ASSOCIATES


                                    By: ____/s/ Amy C. Gross_____
                                          Amy C. Gross
                                          *Attorneys for Plaintiff Travelers Property and*
                                          *Casualty Company of America*
                                          Direct: 917.778.6462
                                          Fax: 844.571.3789
                                          Email: acgross@travelers.com

                                          Please address all correspondence sent by
                                          mail to:
                                          P.O. Box 2996
                                          Hartford, CT 06104-2996

                                          Physical Address:
                                          485 Lexington Avenue, 6th Floor
                                          New York NY 10017